SCHOOL DISTRICT No. 7, IN DANBURY v. MOSES CURRIER.

A school district cannot, by vote, deprive the prudential committee of the power to provide board for teachers.

ASSUMPSIT, submitted upon the following agreed statement of facts :

At the annual meeting of said district in March, 1862, after the defendant had been elected and qualified as prudential committee for the ensuing year, and while he was taking part in the meeting, and without his dissent, it was voted to put up the board of the teachers for that year at auction, and it was struck off, at ninety-five cents per week, to one Sargent, a citizen of the district, and a responsible and proper person. The defendant hired his own daughter to teach the summer school, and refused to let the teachers board with Sargent, but boarded them himself, and took therefor, from the school money in his hands, one dollar and fifty cents per week.  At the annual meeting of the district in March, 1863, the defendant made a report of his expenditures, which report the district refused to accept. This action was brought to recover the money retained by him for the board of the teachers.

*Pike* & *Barnard*, for plaintiff, cited *School Dist.* v. *Sanborn*, 25 N. H. 34; *School Dist.* v. *Tuttle*, 26 N. H. 470; *Barrett* v. *School Dist.* 37 N. H. 445; and suggested that *Tolman* v. *Marlborough*, 3 N. H. 57, *Ross* v. *Allen*, 10 N. H. 96, *School Dist.* v. *Esty*, 16 N. H. 146, and *Stebbins* v. *School Dist.* 16 N. H. 510, arose under statutes passed before the revision of 1842.

*Norris*, for defendant, cited *Batchelder* v. *Salem*, 4 Cush. 599; *Estes* v. *School Dist.* 33 Me. 170; 19 N. H. 179; *Conley* v. *School Directors*, 32 Penn. 194; *School Dist.* v. *Esty*, 16 N. H. 146; *Barrett* v. *School Dist.*, 37 N. H. 445.

DOE, J.   Sec. 10, ch. 70, Rev. Stats., provides that it shall be the duty of the prudential committee to select and hire teachers for the district, provide for them board, furnish necessary fuel, &c.   To provide board for the teachers was an official duty expressly imposed upon the defendant by statute, and the vote of the district relating to that subject was an act of usurpation and void as an attempt to repeal an act of the legislature.   The concurrence of the defendant in such an attempt would be immaterial, and his refusal to comply with the vote of the district is not sufficient to sustain this action.

*Case discharged.*